JOSEPH W. COTCHETT (SBN 36324)
THOMAS E. LOESER (SBN 202724)
GIA JUNG (SBN 340160)
jcotchett@cpmlegal.com
tloeser@cpmlegal.com
gjung@cpmlegal.com
**COTCHETT, PITRE & MCCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010

and

THOMAS E. LOESER, Cal Bar No. 202724
tloeser@cpmlegal.com
KARIN B. SWOPE (*pro hac vice* to be filed)
kswope@cpmlegal.com
JACOB M. ALHADEFF (*pro hac vice* to be filed)
jalhadeff@cpmlegal.com
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Telephone:    (206) 802-1272
Facsimile:    (206)-299-4184

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOWFEQ ZARIF, Individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>POWERSCHOOL HOLDINGS, INC. and POWERSCHOOL GROUP LLC,<br><br>Defendants. | CASE NO:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**Class Action Complaint**

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................. 1

II.  JURISDICTION & VENUE ................................................................................ 3

III. PARTIES ............................................................................................................. 4

    A.   Plaintiff Towfeq Zarif ............................................................................... 4

    B.   Defendant .................................................................................................. 4

IV.  FACTUAL BACKGROUND ............................................................................... 4

    A.   PowerSchool Failed to Adequately Protect Client and Family Data, Resulting in the Data Breach .................................................................................................... 4

    B.   The Data Breach Puts Class Members at Increased Risk of Fraud and Identity Theft... 7

V.   CLASS ACTION ALLEGATIONS ..................................................................... 9

VI.  CAUSES OF ACTION ...................................................................................... 11

    COUNT ONE NEGLIGENCE........................................................................... 11

    COUNT TWO NEGLIGENCE PER SE............................................................ 12

    COUNT THREE BREACH OF IMPLIED CONTRACTS ................................ 14

    COUNT FOUR UNJUST ENRICHMENT ...................................................... 16

VII. PRAYER FOR RELIEF .................................................................................... 18

Plaintiff Towfeq Zarif, individually, and on behalf of all others similarly situated, brings this action against Defendants PowerSchool Holdings, Inc. and PowerSchool Group LLC (collectively "PowerSchool" or "Defendants"), seeking monetary damages, restitution, and/or injunctive relief for the proposed Class, as defined below. Plaintiff makes the following allegations upon information and belief, the investigation of counsel, and personal knowledge or facts that are a matter of public record.

## I.    INTRODUCTION

1.    The release, disclosure, and publication of sensitive, private data can be devasting. Not only is it an intrusion of privacy and a loss of control, but it is a harbinger of identity theft: for victims of a data breach, the risk of identity theft more than quadruples.[1] A data breach can have a grave consequences for victims for years after the actual date of the breach—with the obtained information, thieves can wreak many forms of havoc: open new financial accounts, take out loans, obtain medical services, obtain government benefits, and/or obtain driver's licenses in the victims' names, forcing victims to maintain a constant vigilance over the potential misuse of their information.

2.    PowerSchool, based in Folsom, California, Sacramento County, is the largest cloud-based education software provider for K-12 students in the United States. PowerSchool is used by over 16,000 customers and provides services for over 50 million students and families in the United States.[1] PowerSchool is nearly ubiquitous in education as it serves more than 90 of the top 100 school districts by student enrollment in the United States.[2]

---

[1] Carly Page, PowerSchool Says Hackers Stole Students' Sensitive Data, Including Social Security Numbers, in Data Breach, Tech Crunch, Jan. 9 2025 https://techcrunch.com/2025/01/09/powerschool-says-hackers-stole-students-sensitive-data-including-social-security-numbers-in-data-breach/ (last visited Jan. 13, 2025)

[2] *PowerSchool Releases 2024 Education Focus Report Highlighting Key Priorities and Innovations in K-12 Education*, Business Wire, July 24, 2024

3.      PowerSchool provides a full range of services for school districts including enrollment, attendance, staff management learning systems, analytics, finance, and communications. Due to the nature of PowerSchool's business, it receives, handles, and maintains the Personally Identifiable Information ("PII") for millions of faculty, parents and students throughout the United States. On information and belief, all information related to PowerSchool's customers, students, parents, and faculty are contained within and stored in PowerSchool's databases and information systems.

4.      On January 7, 2025, Defendants informed their clients that PowerSchool had been subject to a data breach they discovered on December 28, 2024 (the "Data Breach").[3] In their notice, Defendants admit that on December 28, PowerSchool became aware of a cybersecurity incident involving unauthorized access to information through one of PowerSchool's user support portals, PowerSource. Defendants further admit that over the subsequent days, PowerSchool investigated the breach and discovered that the hackers gained access to PowerSchool Student Information System ("SIS") personal data. Power School further admitted that these hackers gained access to the PII of both client school districts and families.

5.      Despite knowing how valuable customer information is, Defendants failed to adequately protect Plaintiff's and Class Members' PII. This PII was compromised due to Defendants' negligent and/or careless acts and omissions and their utter failure to protect customers' sensitive data. Hackers targeted and obtained Plaintiff's and Class Members' PII

---

https://www.businesswire.com/news/home/20240723218497/en/PowerSchool-Releases-2024-Education-Focus-Report-Highlighting-Key-Priorities-and-Innovations-in-K-12-Education (last visited 1/13/2025).

[3] Walker Co. Schools Alerting Parents, Educators of Student Information System Data breach, Local 3 News, Jan. 7, 2025, https://www.local3news.com/local-news/walker-co-schools-alerting-parents-educators-of-student-information-system-data-breach/article_1505632e-cd40-11ef-9e46-e7788d8f6b28.html (last visited Jan. 13, 2025).

Class Action Complaint - 2

because of its value in exploiting and stealing the identities of Plaintiff and Class Members. The present and continuing risk to victims of the Data Breach will remain for their respective lifetimes.

6.      As a result of the Data Breach, through which their Personally Identifiable Information ("PII") was compromised, disclosed, and obtained by unauthorized third parties, Plaintiff and Class Members have suffered concrete damages and are now exposed to a heightened and imminent risk of fraud and identity theft for a period of years, if not decades. Furthermore, Plaintiff and Class Members must now and in the future closely monitor their financial accounts to guard against identity theft, at their own expense. Consequently, Plaintiff and the other Class Members will incur ongoing out-of-pocket costs for, *e.g.*, purchasing credit monitoring services, credit freezes, credit reports, or other protective measures to deter and detect identity theft.

7.      By this Complaint, Plaintiff seeks to remedy these harms on behalf of himself and all similarly situated individuals whose PII was accessed during the Data Breach.

## II.    JURISDICTION & VENUE

8.      This Court has subject matter jurisdiction for this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1711, et seq., because at least one member of the Class, as defined below, is a citizen of a different state than Defendants, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. This Court also has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). This Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. Section 1367.

9.      The Court has jurisdiction over Defendants because both entities maintain their principal place of business in this District, have sufficient minimum contacts with this District,

**Class Action Complaint - 3**

and have purposefully availed themselves of the privilege of doing business in this District such that it could reasonably foresee litigation being brought in this District.

10.    Venue is proper in this District under 28 U.S.C. § 1391(a) through (d) because Defendants' principal place of business is located in this District and a substantial part of the events or omissions giving rise to the claims occurred in, was directed to, and/or emanated from this District.

### III.    PARTIES

**A.    Plaintiff Towfeq Zarif**

11.    Plaintiff Towfeq Zarif is a resident citizen of Manassas, Virginia.

12.    On January 10, 2025, Plaintiff Zarif received a letter from Manassas City Public Schools informing him of the PowerSchool Data Breach, and that student data around the country was subject to unauthorized access.

**B.    Defendant**

13.    Defendant PowerSchool Holdings, Inc., is a Delaware corporation with its principal place of business at 150 Parkshore Dr., Folsom, California 95630. Defendant PowerSchool Holdings, Inc. was the publicly traded parent company listed on the New York Stock Exchange prior to their acquisition by Bain Capital, in October 2024.

14.    Defendant PowerSchool Group LLC is a Delaware Limited Liability Company with its principal place of business at 150 Parkshore Dr., Folsom, California 95630. PowerSchool Group LLC is a wholly owned subsidiary of PowerSchool Holdings, Inc.

### IV.    FACTUAL BACKGROUND

**A.    PowerSchool Failed to Adequately Protect Client and Family Data, Resulting in the Data Breach**

15.    PowerSchool's Privacy statement declares that as their operations involve "the processing of personal data, PowerSchool places great importance and value on the proper

handling of personal data that flows within our product as we provide services to our customers."[4] PowerSchool further states that they "use personal data in a legal and non-harmful way while respecting your rights and considering your interests."[5] PowerSchool promises its users that "[w]e build privacy as the default setting in our products, ensure end-to-end security, and exemplify respect for user privacy in all our products. This privacy-oriented product-building initiative is also reflected in our services and business practices."[6] Most relevantly, PowerSchool states that they "seek to protect our customers' personal data from unauthorized access… Our overall aim is to ensure [] confidentiality."[7]

16.     Notwithstanding these extensive promises, in December 2024, PowerSchool experienced a data breach affecting as many as 50 million students in the United States. Upon information and belief, the unauthorized third-parties gained access to Plaintiff's and Class Members' PII with the intent of selling, marketing, and misusing this PII.

17.     On January 7, 2025, Defendants provided notice to clients and families that their personal information was accessed and compromised. PowerSchool has admitted that exfiltrated information at least includes:

> (a) Names;
> (b) Addresses;
> (c) Social security numbers;
> (d) Phone numbers;
> (e) Email addresses;
> (f) Medical information;
> (g) Grades and grade point averages;
> (h) Student bus stops;
> (i) Student notes and alerts;
> (j)  student IDs; and
> (k) PII connected to the parents or guardians of students.

---

[4] See, https://www.powerschool.com/privacy/ (last visited Jan. 13, 2025).
[5] *Id*.
[6] *Id*.

18.     School districts that received notice from PowerSchool about the breach have stated that "'all' of their historical student and teacher data stored in their student information systems" has been compromised.[8] Even students and staff from school districts that are former clients of PowerSchool have been affected by the breach, extending the breach beyond PowerSchool's 18,000 educational customers.[9] Menlo Park School District, suggested that all students enrolled with Menlo Park and all staff who worked at Menlo Park since 2009 were impacted by the breach.[10] Since historical data has been impacted, some school districts have reported that the number of affected students ranges between four to ten times the number of currently enrolled students in their school district.[11]

19.     Plaintiff and Class Members were required to provide their Private Information to Defendant, through their school districts, in order to receive basic educational services. Often, a PowerSchool account is required for a student to be enrolled in school. Defendant created, collected, and stored Plaintiff's and Class Members' Private Information while Plaintiff had the reasonable expectation and mutual understanding that Defendant, and all third-party school vendors, would comply with its obligations to keep such information confidential and secure from unauthorized access.

---

[7] *Id.*
[8] Carly Page, PowerSchool data breach victims say hackers stole 'all' historical student and teacher data, Tech Crunch, Jan. 15, 2025, https://techcrunch.com/2025/01/15/powerschool-data-breach-victims-say-hackers-stole-all-historical-student-and-teacher-data/ (last visited Jan. 16, 2025).
[9] Id.
[10] See, https://district.mpcsd.org/departments/technology-home/powerschool-data-breach-faq
[11] Carly Page, PowerSchool data breach victims say hackers stole 'all' historical student and teacher data, Tech Crunch, Jan. 15, 2025, https://techcrunch.com/2025/01/15/powerschool-data-breach-victims-say-hackers-stole-all-historical-student-and-teacher-data/ (last visited Jan. 16, 2025).

**Class Action Complaint - 6**

20.     Despite this, Plaintiff and Class Members remain in the dark regarding what specific PII was stolen, the malware used, and the steps taken to secure their PII moving forward.

21.     Defendants were familiar with their obligations – created by contract, industry standards, common law, and representations to its customers – to protect customer and family information. Plaintiff and Class Members provided their Private Information to PowerSchool with the reasonable expectation that Defendants would comply with their obligations related to their PII. Defendants owed Plaintiff and Class Members a duty to provide reasonable security, consistent with industry standards and requirements, and to ensure that its computer systems, networks, and protocols adequately protected their PII. Despite these duties, Defendants' client school districts have demonstrated that PowerSchool did not secure their impacted systems with basic protections, such as multi-factor authentication.[12]

22.     Defendants failed to comply with their obligations, resulting in the Data Breach and Class Members now face years of constant surveillance of their financial and personal records.

**B.     The Data Breach Puts Class Members at Increased Risk of Fraud and Identity Theft.**

23.     An identity thief uses victims' PII, such as name, address, and other sensitive and confidential information, without permission, to commit fraud or other crimes that range from immigration fraud, obtaining a driver's license or identification card, obtaining government benefits, and filing fraudulent tax returns to obtain tax refunds.

---

[12] Carly Page, PowerSchool data breach victims say hackers stole 'all' historical student and teacher data, Tech Crunch, Jan. 15, 2025, https://techcrunch.com/2025/01/15/powerschool-data-breach-victims-say-hackers-stole-all-historical-student-and-teacher-data/ (last visited Jan. 16, 2025).

24.    Identity thieves can use a victim's PII to open new financial accounts, incur charges in the victim's name, take out loans in the victim's name, and incur charges on existing accounts of the victim. Plaintiff's and Class Members' finances are now at risk due to the Data Breach.

25.    Identity theft is the most common consequence of a data breach—it occurs to 65% of data breach victims.[13] Consumers lost more than $56 billion to identity theft and fraud in 2020, and over 75% of identity theft victims reported emotional distress.[14] Victims of identity theft can experience financial damage as thieves run up debts into the tens of thousands. These victims can have their credit history destroying impairing their ability to obtain a loan, a mortgage, or even to lease housing.  Victims of identity theft can experience substantial legal complications due to breaches. These risks and vulnerabilities are ongoing.

26.    Plaintiff and members of the Class are now in the position of having to take steps to mitigate these damages caused by the Data Breach. Once use of compromised non-financial PII is detected, the emotional and economic consequences to the victims are significant. Studies done by the ID Theft Resource Center, a non-profit organization, found that victims of identity theft had marked increased fear for personal financial security. The report attributes this to more people having been victims before, contributing to greater awareness and understanding that they may suffer long term consequences from this type of crime.[15]

---

[13] Eugene Bekker, *What Are Your Odds of Getting Your Identity Stolen?,* IDENTITYFORCE (Apr. 15, 2021), https://www.identityforce.com/blog/identity-theft-odds-identity-theft-statistics (last visited Jan. 13, 2025).
[14] *Id.*
[15] Identity Theft: The Aftermath 2013, Identity Theft Resource Center, https://idtheftcenter.org/wp-content/uploads/2021/09/Aftermath2013.pdf (last visited Jan. 13, 2025)

27.     Defendants failed to protect and safeguard Plaintiff's and Class Members' private information, in fact failing to adhere to even their most basic obligations. As a result, Plaintiff and Class Members have suffered or will suffer actual injury, including loss of privacy, costs, and loss of time.

## V.     CLASS ACTION ALLEGATIONS

28.     Plaintiff brings this action as a class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of a proposed nationwide class (the "Class"), defined as:

> All natural persons in the United States whose Personally Identifiable Information was compromised as a result of the Data Breach.

29.     Excluded from the Class are Defendants, any entity in which a Defendant has a controlling interest, any of the officers or directors of Defendants, the legal representatives, heirs, successors, and assigns of Defendants, and any Judge to whom this case is assigned, and his or her immediate family.

30.     The definition of the Class may be further modified or amended by additional pleadings, evidentiary hearings, a class certification hearing, and orders of this Court.

31.     **Numerosity and Ascertainability:** Plaintiff does not know the exact size of the Class or the identity of the Class Members because such information is in the exclusive control of Defendants. Nevertheless, based on published reports, the Class comprises millions of parents, school-age students, former students, and staff throughout the United States. The Class is so numerous that joinder of all members is impracticable and the disposition of their claims in a class action will benefit the parties and the Court. The names, phone numbers, and addresses of Class Members are identifiable through documents maintained by Defendants.

32.    **Commonality and Predominance:** This action involves common questions of law and fact as to all members of the class, which predominate over any question solely affecting individual Class Members. Common questions of law and fact include, but are not limited to, the following:

(a) Whether Defendants engaged in the conduct alleged herein;

(b) Whether Defendants had a legal duty to use reasonable security measures to protect Plaintiff's and Class Members' PII;

(c) Whether Defendants' failure to implement effective security measures to protect Class Member Private Information was negligent;

(d) Whether Defendants timely informed Plaintiff of the Data Breach;

(e) Whether Plaintiff and Class Members are entitled to injunctive relief; and

(f) Whether, as a result of Defendants' conduct, Plaintiff and the Class are entitled to damages and equitable relief.

33.    **Typicality:** Plaintiff's claims are typical of the other Class Members' claims because all Class Members were comparably injured through Defendants' substantially uniform misconduct described above. Plaintiff is advancing the same claims and legal theories on behalf of himself and all other members of the Class that they seek to represent, and there are no defenses that are unique to Plaintiff. Plaintiff and Class Member claims and injuries arise from the same facts and are based on the same law.

34.    **Adequacy:** Plaintiff is an adequate Class Representatives because his interests do not conflict with the interests of other Class Members he seeks to represent; Plaintiff has retained competent counsel that is experienced in complex class action litigation; and Plaintiff intends to vigorously prosecute this action. The interests of Class Members will be fairly and adequately protected by Plaintiff and his counsel.

35.    **Superiority:** A class action is superior to other available methods for fair and efficient adjudication of this controversy. No unusual difficulties are likely to be encountered in the management of this class action. The damages suffered by Class Members are relatively

small compared to the expense required to individually litigate their claims against Defendants, so it would be virtually impossible for the Class Members to seek individual redress against Defendants' wrongful conduct.

## VI.    CAUSES OF ACTION
### COUNT ONE
### NEGLIGENCE

36.    Plaintiff incorporates all foregoing factual allegations as if fully set forth herein.

37.    Defendants owed Plaintiff and Class Members a duty to exercise reasonable care in safeguarding their personal information, arising from the sensitivity of the information, the expectation the information was going to be kept private, and the foreseeability of its data safety shortcomings resulting in a breach. This duty included designing, implementing, maintaining, monitoring, and testing Defendants' protocols, policies, procedures, practices, networks, and systems to ensure Class Member information was sufficiently secure.

38.    Defendants owed a duty to Plaintiff and Class Members to implement administrative, physical and technical safeguards, such as intrusion detection processes that detect data breaches in a timely manner, to protect and secure Plaintiff's and Class Members' PII. Defendants owed a duty to provide industry standard data security measures. Defendants owed a duty under Section 5 of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45, which prohibits the unfair practice of insufficient and unreasonable data protection measures.

39.    Defendants owed a duty to disclose the material fact that its data security practices were inadequate to safeguard Plaintiff's and Class Members' PII.

40.    Defendants also had independent duties under Plaintiff's and Class Members' state laws that require Defendants to reasonably protect Plaintiff's and Class Members PII and promptly notify them about the breach.

41.     Defendants and the Class entered into a special relationship when the Class members entrusted Defendants to protect their Private Information, which provided an independent duty of care. Plaintiff's and Class Members' willingness to entrust Defendants with their PII was predicated on the understanding that Defendants would take adequate security precautions. Defendants were capable of protecting their networks and systems, and the PII they stored on them, from unauthorized access.

42.     Defendants breached their duties by, among other things: (a) failing to implement and maintain adequate data security practices to safeguard Plaintiff's and Class Members' PII, including administrative, physical, and technical safeguards; (b) failing to detect the Data Breach in a timely manner; and (c) failing to disclose that their data security practices were inadequate to safeguard Plaintiff's and Class Members' PII.

43.     Plaintiff and Class Members were probable and foreseeable victims of Defendants' inadequate data security. Defendants knew, or should have known, of the risk of collecting and storing Plaintiff and Class Member PII and the need for providing appropriate safeguards.

44.     The harm to Plaintiff and Class Members was a proximate, reasonably foreseeable result of Defendants' breaches of aforementioned duties.

45.     Therefore, Plaintiff and Class Members are entitled to damages in an amount to be proven at trial.

## COUNT TWO
## NEGLIGENCE PER SE

46.     Plaintiff realleges and incorporates by reference paragraphs 1-35 as if fully set forth herein.

47.     Under the FTC Act, 15 U.S.C. § 45, Defendants had a duty to provide fair and adequate data security practices to safeguard Plaintiff's and Class Members' PII.

48.     Under state data security statutes, Defendants had a duty to implement and maintain reasonable security procedures and practices to safeguard Plaintiff's and Class Member's PII.

49.     Defendants breached their duties to Plaintiff and Class Members under the FTCA and state data security statutes, by failing to provide fair, reasonable, or adequate data security practices to safeguard Plaintiff's and Class Members' PII.

50.     Plaintiff and Class Members were foreseeable victims of Defendants' violations of the FTCA and state data security statutes. Defendants knew or should have known that their failure to implement reasonable security measures would cause damage to Plaintiff and Class Members.

51.     Defendants' failure to comply with applicable law constitutes negligence per se.

52.     But for Defendants' violations of law, Plaintiff's and Class Members' PII would not have been accessed by unauthorized parties.

53.     Due to Defendants' violations of law, Plaintiff and Class Members suffered injury of the type contemplated by these laws, including but not limited to the exposure to a heightened and imminent risk of fraud, identity theft, financial and other harm. Plaintiff and Class Members must monitor their financial accounts and credit histories more closely and frequently to guard against identity theft. Plaintiff and Class Members also have incurred, and will continue to incur on an indefinite basis, out-of-pocket costs for obtaining credit reports, credit freezes, credit monitoring, and other protective measures to detect or deter identity theft. The unauthorized acquisition of Plaintiff's and Class Members' PII has also diminished the value of their PII.

**Class Action Complaint - 13**

54.     The harm to Plaintiff and Class Members was a proximate, reasonably foreseeable result of Defendants' breaches of applicable law.

55.     Therefore, Plaintiff and Class Members are entitled to damages in an amount to be proven at trial.

**COUNT THREE**
**BREACH OF IMPLIED CONTRACTS**

56.     Plaintiff realleges and incorporates by reference paragraphs 1-35 as if fully set forth herein.

57.     Plaintiff and Class Members were required to provide their PII to obtain basic educational services from Defendants' clients, school districts. Plaintiff and Class Members entrusted their PII to Defendants, through their school districts, in order to obtain services from them.

58.     By providing Defendants with their PII, and Defendants' acceptance of this information, Plaintiff and Class Members on one hand, and Defendants on the other, entered into implied contracts for the provision of adequate data security, separate and apart from any express contracts concerning the goods or services provided, whereby Defendants were obligated to take reasonable steps to secure and safeguard that information.

59.     Defendants had an implied duty of good faith to ensure that the PII of Plaintiff and Class Members in its possession was only used in accordance with their contractual obligations.

60.     Defendants were therefore required to act fairly, reasonably, and in good faith in carrying out their contractual obligations to protect the confidentiality of Plaintiff's and Class Members' PII and to comply with industry standards and laws and regulations for the security of this information.

**Class Action Complaint - 14**

61.    Under these implied contracts for data security, Defendants were further obligated to provide Plaintiff and all Class Members, with prompt and sufficient notice of any and all unauthorized access and/or theft of their PII.

62.    Plaintiff and Class Members performed all conditions, covenants, obligations, and promises owed to Defendants, including paying for the products or services offered by Defendants, and/or providing the PII required by Defendants.

63.    Defendants breached implied contracts by failing to take adequate security measures to protect the confidentiality of Plaintiff's and Class Members' PII, which resulted in the data breach.

64.    Further, on information and belief, Defendants have not provided Data Breach notifications to affected Class Members who may already be victims of identity fraud or theft or are at imminent risk of becoming victims of identity theft or fraud, associated with the PII that they provided to Defendants. These Class Members are unaware of the source of their compromised PII.

65.    The Data Breach was a reasonably foreseeable consequence of Defendants' actions in breach of these contracts.

66.    But for Defendants' conduct, Plaintiff and Class Members did not receive the full benefit of the bargain, and instead received services that were of a diminished value as compared to the secure services they paid for. Plaintiff and Class Members, therefore, were damaged in an amount at least equal to the difference in the value of the secure services they paid for and the services they received.

67.    No reasonable persons, including Plaintiff or Class Members, would have provided Defendants with their PII if they had disclosed that their data security was inadequate or that it did not adhere to industry standard security.

**Class Action Complaint - 15**

68.    Plaintiff and Class Members have suffered actual damages resulting from theft of their PII, loss of their PII, and remain at imminent risk of suffering additional future damages as a result of Defendants' breach.

69.    Due to Defendants' breach, Plaintiff and Class Members have suffered actual damages from their attempt to mitigate the effect of the breach of implied contract and subsequent Data Breach, including, but not limited to, taking steps to protect themselves from the loss of their PII. Plaintiff and Class Members have suffered actual identity theft and the ability to control their PII.

70.    Accordingly, Plaintiff and Class Members have been injured as a result of Defendants' breach of implied contracts and are entitled to damages and/or restitution in an amount to be proven at trial.

## COUNT FOUR
## UNJUST ENRICHMENT

71.    Plaintiff realleges and incorporate by reference all preceding paragraphs as if fully set forth herein.

72.    Plaintiff and Class Members bring this Count in the alternative to the breach of implied contract count above.

73.    Plaintiff and Class Members conferred a monetary benefit on Defendants in the form of monetary payments—directly or indirectly—for services received.

74.    Defendants collected, maintained, and stored the PII of Plaintiff and Class Members and, as such, Defendants had knowledge of the monetary benefits conferred by Plaintiff and Class Members.

75.    The money that Plaintiff and Class Members paid to Defendants should have been used to pay, at least in part, for the administrative costs and implementation of adequate data

**Class Action Complaint - 16**

management and security. Defendant failed to implement—or adequately implement—practices, procedures, and programs to secure sensitive PII, as evidenced by the Data Breach.

76.     As a result of Defendants' failure to implement security practices, procedures, and programs to secure sensitive PII, Plaintiff and Class Members suffered actual damages in an amount equal to the difference in the value between goods and services with reasonable data privacy that Plaintiff and Class Members paid for, and the services they received without reasonable data privacy.

77.     Under principles of equity and good conscience, Defendants should not be permitted to retain money belonging to Plaintiff and Class Members because Defendant failed to implement the data management and security measures that are mandated by industry standards and that Plaintiff and Class Members paid for.

78.     Defendants should be compelled to disgorge into a common fund for the benefit of Plaintiff and the Class all unlawful or inequitable proceeds received by Defendants. A constructive trust should be imposed upon all unlawful and inequitable sums received by Defendants traceable to Plaintiff and the Class.

## COUNT FIVE
## DECLARATORY JUDGEMENT

79.     Plaintiff realleges and incorporates by reference paragraphs 1-35 as if fully set forth herein.

80.     Plaintiff and the Class have stated claims against Defendants based on negligence, negligence per se, breach of implied contracts, unjust enrichment, and violations of several statutes.

81.     Defendants failed to fulfill their obligations to provide adequate and reasonable security measures for the PII of Plaintiff and the Class, as evidenced by the Data Breach.

**Class Action Complaint - 17**

82.     Due to the Data Breach, Defendants' systems are more vulnerable to unauthorized access and require more stringent measures to be taken to safeguard the PII of Plaintiff and the Class moving forward.

83.     An actual controversy has arisen in the wake of the Data Breach regarding Defendants' current obligations to provide reasonable data security to protect the PII of Plaintiff and the Class. Defendants maintain that their security measures were—and still are—reasonably adequate and denies that they previously had or have any obligation to implement better safeguards to protect the PII of Plaintiff and the Class.

84.     Plaintiff seeks a declaration that Defendants must implement specific additional, prudent industry standard security practices to provide reasonable protection and security to the PII of Plaintiff and the Class. Specifically, Plaintiff and the Class seek a declaration that Defendants' existing security measures do not comply with their obligations, and that Defendants must implement and maintain reasonable security measures to comply with their data security obligations.

## VII.    PRAYER FOR RELIEF

85.     Plaintiff, on behalf of himself and on behalf of the proposed Class, requests that the Court:

(a)   Certify this case as a class action, appoint Plaintiff as class representative, and appoint Plaintiff's Counsel as Class Counsel for Plaintiff to represent the Class.

(b)   Find that PowerSchool breached their duties to safeguard and protect the PII of Plaintiff and Class Members that was compromised in the Data Breach;

(c)   Award Plaintiff and Class Members appropriate relief, including actual and statutory damages, restitution and disgorgement;

(d)   Award equitable, injunctive and declaratory relief as may be appropriate;

**Class Action Complaint - 18**

(e)   Award all costs, including experts' fees and attorneys' fees, and the costs of prosecuting this action;

(f)   Award pre-judgment and post-judgment interest as prescribed by law; and

(g)   Grant additional legal or equitable relief as this Court may find just and proper.

DATED: January 17, 2025                    Respectfully submitted,

**COTCHETT, PITRE & MCCARTHY, LLP**

By:  _/s/ Thomas E. Loeser_
    Thomas E. Loeser, Cal Bar No. 202724
    Joseph W. Cotchett, Cal Bar No. 36324
    Gia Jung, Cal Bar No. 340160
    840 Malcolm Road
    Burlingame, CA 94010

    and

Thomas E. Loeser, Cal Bar No. 202724
Karin B. Swope (*pro hac vice* to be filed)
Jacob M. Alhadeff (*pro hac vice* to be filed)
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Telephone: (206)-802-1272
Facsimile: (206)-299-4184

tloeser@cpmlegal.com
kswope@cpmlegal.com
jalhadeff@cpmlegal.com

*Attorneys for Plaintiff*

**Class Action Complaint - 19**